| | |
|---|---|
| In re:   Andrew Linares | Case No. 25-51376 |
| | Chapter 13 |
| Debtor(s). | Hon. Maria L. Oxholm |

**OPINION DENYING DEBTOR'S MOTION TO VACATE THE JANUARY 21, 2026 ORDER DISMISSING THE CHAPTER 13 CASE, DISCHARGING THE TRUSTEE, AND TERMINATING THE AUTOMATIC STAY, IN VIOLATION OF DUE PROCESS RIGHTS PURSUANT TO FED. R. CIV. P. 60(B)(4) INCORPORATED BY BANKRUPTCY RULE 9024**

Before the Court is Debtor's Motion to Vacate the January 21, 2026 Order Dismissing the Chapter 13 Case, Discharging the Trustee, and Terminating the Automatic Stay, in Violation of Due Process Rights Pursuant to Fed. R. Civ. P. 60(B)(4) Incorporated by Bankruptcy Rule 9024 ("Motion"). [ECF No. 179].[1] The Debtor Andrew Linares is appearing *in propria persona*. In his Motion, the Debtor argues that (1) this Court's January 21, 2026 Order Dismissing the Chapter 13 Case ("Order") was entered without constitutionally adequate notice and without affording the Debtor a meaningful opportunity to be heard on the grounds asserted for dismissal; (2) the dismissal was predicated on non-existent or legally inapplicable defaults; (3) the Court accepted oral representations of noncompliance without allowing Debtor an opportunity to contest the factual or legal basis for dismissal; (4) dismissal was entered while a valid and timely motion for stay was pending; and (5) the Court struck the Debtor's request to voluntarily dismiss his Chapter 13 case without prejudice.

On January 29, 2026, the Court entered an Order Setting Hearing and Requesting Response to Debtor's Motion for Reconsideration. [ECF No. 184].[2] On February 2, 2026, the Debtor filed

---

[1] The Order dismissing Debtor's case was entered on January 22, 2026.
[2] The Order provided,

1

Debtor's Notice of Supplemental Authority. [ECF No. 186]. Creditor Bridgecrest Credit Company, LLC and the Chapter 13 Trustee both filed their responses to the Debtor's Motion. [ECF Nos. 188 and 189].

On February 6, 2026, Debtor filed Debtor's Notice of Clarification Regarding Motion to Vacate Void Order and Governing Procedure [ECF No. 190], and Debtor's Limited Objection to Procedural Restriction and Reply in Support of Rule 60(b)(4) Motion to Vacate Void Dismissal Order [ECF No. 191]. On February 9, 2026, the Debtor filed Debtor's Limited Response to Bridgecrest Credit Company, LLC's Objection [ECF No. 196].

The hearing on Debtor's Motion was held on February 9, 2026. The Court took the matter under advisement. After the hearing, the Debtor attempted to file yet another pleading which was struck by the Court as an unauthorized post-hearing filing. [ECF No. 206]. The Court has reviewed all of the pleadings and for the following reasons denies Debtor's Motion pursuant to Fed. R. Civ. P. 60(b)(4).

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b), incorporated in bankruptcy proceedings by Bankruptcy Rule 9024, provides,

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

IT IS HEREBY ORDERED that the Chapter 13 Trustee shall file a response to the motion by February 5, 2026. No further pleadings regarding the instant motion, other than those from the Chapter 13 Trustee and creditors, shall be considered.

[ECF No. 184]. Since the entry of this Order the Debtor has filed pleadings at ECF No. 186, 190, 191, 196 and 206.

> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A final order is one that "disposes of the whole case on its merits; or, put in another way, which determines all points in litigation between the parties." *Grand Trunk Western R. Co. v. McHie,* 100 F.2d 86, 86 (6th Cir. 1938) (internal citation omitted).

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if "the judgment is void." *Id*. "If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995).

The Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–71, 130 S. Ct. 1367, 1376–77, 176 L. Ed. 2d 158 (2010) provides,

> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id.,* at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id.,* § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
> "A judgment is not void," for example, "simply because it is or may have been erroneous." *Hoult v. Hoult,* 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed.2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher v. Dow Chemical Co.,* 132 F.3d 1225, 1229 (C.A.8 1997); see Moore's § 60.44 [1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (C.A.1

3

1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2862, p. 331 (2d ed.1995 and Supp.2009); cf. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb,* 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

*Id.* at 269–71. "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 272.

Federal Rule of Bankruptcy Procedure 1017 governs dismissals of a case. Subsection (a) provides generally,

> **(a) Dismissing a Case--In General.** Except as provided in § 707(a)(3), 707(b), 1208(b), or 1307(b), or in Rule 1017(b), (c), or (e), the court must conduct a hearing on notice under Rule 2002 before dismissing a case on the petitioner's motion, for want of prosecution or other cause, or by the parties' consent. . . .

Fed. R. Bankr. P. 1017. Rule 2002, in turn, provides in relevant part, that

> **(a) 21-Day Notices to the Debtor, Trustee, Creditors, and Indenture Trustees.** Except as (h), (i), (l), (p), and (q) provide otherwise, the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of:
> …
> (4) a hearing on a motion to dismiss a Chapter 7, 11, or 12 case or to convert it to another chapter--unless the hearing is under § 707(a)(3) or § 707(b) or is on a motion to dismiss the case for failure to pay the filing fee;

Fed. R. Bankr. P. 2002(a)(4). Accordingly, the 21-day notice requirement of Rule 2002 does not apply to dismissals under §1307(c). This bankruptcy case was dismissed pursuant to §1307(c).

Furthermore, Federal Rule of Bankruptcy Procedure 1017(b) addresses dismissals of a case for failure to pay an installment toward the filing fee, one of the grounds for the adjournment of the Confirmation Hearing. The Bankruptcy Rule provides,

4

> **(b) Dismissing a Case for Failure to Pay an Installment Toward the Filing Fee.**
> If the debtor fails to pay any installment toward the filing fee, the court may dismiss the ***case after a hearing on notice to the debtor and trustee.*** . . .

Fed. R. Bankr. P. 1017(b) (emphasis added). Additionally, subsection (f) sets forth the procedures for dismissing a case,

> **(f) Procedures for Dismissing, Suspending, or Converting a Case.**
> (1) ***In General.*** Rule 9014 governs a proceeding to dismiss or suspend a case or to convert it to another chapter--except under § 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b).
> (2) ***Cases Requiring a Motion.*** Dismissing or converting a case under § 706(a), 1112(a), 1208(b), or 1307(b) requires a motion filed and served as required by Rule 9013.

Fed. R. Bankr. P. 1017(b). Thus, dismissals pursuant to § 1307(c) do not require a motion under Rule 9013.

Finally, 11 USC § 102 provides the rules of construction.

> In this title—
>
> **(1)** "after notice and a hearing", or a similar phrase--
> **(A)** means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> **(B)** authorizes an act without an actual hearing if such notice is given properly and if--
> **(i)** such a hearing is not requested timely by a party in interest; or
> **(ii)** there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

11 U.S.C.A. § 102(1). In a Chapter 13 case, the court provides notice of the confirmation hearing. 11 U.S.C. § 1322 governs the contents of a chapter 13 plan. 11 U.S.C. § 1325 sets forth the requirements for confirmation of a chapter 13 plan. The requirements of these code sections are crucial to the confirmation hearing as well as any issues raised in objections to confirmation.

5

## II. APPLICATION

The Court concludes that the Debtor received appropriate notice and a hearing under the particular circumstances of this case. First, Debtor received notice of the confirmation hearing. On November 12, 2025, Debtor received Notice of Chapter 13 Bankruptcy Case [ECF No. 20] notifying him that the hearing on confirmation would be held on January 12, 2026. Accordingly, the Debtor was on notice that he must comply with all the requirements of § 1325 to confirm his plan. Paying the filing fee, being current on his plan payments, and proposing a feasible plan were necessary for the successful confirmation of the plan.

On January 12, 2026, the Court held the confirmation hearing, as well as a hearing on Debtor's Motion for Rule 2004 Exam [ECF No. 41]; Debtor's Combined Notice of Filing SEC Exhibits and Request for Judicial Notice of NMVTIS Records [ECF No. 93] and Hladik, Onorato & Federman, LLP (The HOF Law Group) Motion to Dismiss Case [ECF No. 124]. Both the HOF Law Group' Motion to Dismiss and the Wayne County Treasurer's Objection to Confirmation [ECF No. 126] listed numerous deficiencies in the Debtor's proposed plan.[3] The Debtor attended the hearing.

At the January 12, 2026, hearing, the Chapter 13 Trustee orally moved for a dismissal of the Debtor's case for, among other things, failing to pay the filing fee and plan payments, and failing to file an amended plan with amended schedules. At this hearing, the Debtor requested

---

[3] HOF Law Group's motion provides numerous grounds for dismissal alleging the case was not filed in good faith. The Wayne County Treasurer objected to the Debtor's confirmation arguing that Debtor's plan did not provide for treatment of the secured claim held by the Wayne County Treasurer and failed to provide for interest on the Treasurer's secured claims, or retention of the Treasurer's liens, as well as failed to provide for statutory interest on the Treasurer's secured claim.

seven days to cure, "Oh, if I could then request maybe seven days to cure? If I could get seven days to cure, I could make sure that's taken care of." [ECF No. 203; Tr. 1/12/26, pg.13].

The Court exercised its discretion in Debtor's favor and denied the Trustee's motion to dismiss without prejudice to afford the Debtor an opportunity to make the required payments and cure other deficiencies. The Court entered The Order Adjourning Section 341 Meeting of Creditors and Confirmation Hearing as follows:

> This case is before the Court for Confirmation on January 12, 2026. As shown by the signatures on this Stipulation, the parties have agreed to the following terms to adjourn the 341 hearing and adjourn the Confirmation hearing:
>
> NEW 341 DATE:  February 10, 2026    TIME: 11:00 am
>
> NEW CONFIRMATION DATE:  March 23, 2026    TIME:  10:00 am (In Person)
>
> IT IS FURTHER STIPULATED that in the event that the hearing for adjourned Section 341 First Meeting of Creditors is not held, the Trustee may submit an Order of Dismissal to the bankruptcy court and the proceedings may be dismissed without further notice or hearing.
>
> IT IS FURTHER STIPULATED that the deadline for the Chapter 13 Trustee to file objections to confirmation of the Plan and/or any amended Plan is extended to twenty-one (21) days from the conclusion of the Meeting of Creditors.
>
> IT IS FURTHER STIPULATED that in the event the Debtor fails to remit 100% of all required Plan payments pursuant to the Trustee's records one week before the adjourned Confirmation hearing, which is 3/16/2026, the proceedings may thereafter be dismissed upon the submission of Trustee's Affidavit and Order for dismissal with the Court.
>
> IT IS FURTHER STIPULATED that the Trustee shall serve the Order adjourning the 341 Meeting of Creditors and Confirmation on the Matrix within seven (7) days of entry of this Order and file a Proof of Service with the Court.
>
> IT IS FURTHER STIPULATED that the Debtor shall provide proof to the Trustee that the Federal tax returns have been filed and/or submitted for the tax year 2019, (copies of tax returns does not constitute proof of filing with the proper taxing

authority) on or before 2/3/2026. If the Debtor was not required to file tax return(s) for 2019, the Debtor shall file an objection to the Internal Revenue Service proof of claim no later than 2/3/2026 or the case may be dismissed upon the submission of Trustee's Affidavit and Order for dismissal with the court.

IT IS FURTHER ORDERED that the Debtor must pay the Court Filing Fee and any other Court fees due and owing no later than 1/20/2026 or the case shall be dismissed upon the submission of Trustee's Affidavit and Order for dismissal with the court.

IT IS FURTHER ORDERED that the Debtor must pay no less than $475 in Plan payments via TFS no later than 1/23/2026 or the case shall be dismissed upon the submission of Trustee's Affidavit and Order for dismissal with the court.

IT IS FURTHER ORDERED that the Debtor must amend the Plan, Schedules A/B, Schedules C and Schedules I and J no later than 1/20/2026 or the case shall be dismissed upon the submission of the Trustee's Affidavit and Order of dismissal with the court.

[ECF No. 154].

By way of explanation, at a chapter 13 confirmation hearing, the Court will often grant an adjournment in lieu of a dismissal to provide a debtor an opportunity to cure deficiencies. In addition to paying the filing fee and plan payments, additional requirements were ordered to ensure a successful confirmation hearing and to avoid delay prejudicial to creditors.

Accordingly, the Court concludes that the Debtor had notice of the confirmation hearing and the requirements for confirmation. Debtor additionally had notice that if he failed to comply with the Order Adjourning Section 341 Meeting of Creditors and Confirmation Hearing, his case would be dismissed without further hearing. Again, the notice was appropriate under the particular circumstances of this case.

At the February 9, 2026, hearing date, Debtor additionally cited to *In re Haffey*, 576 B.R. 540 (B.A.P. 6th Cir. 2017) and *In re Muessel,* 292 B.R. 712, (B.A.P. 1st Cir. 2003) in arguing that

he was not afforded notice and a hearing and that the Court cannot direct the Debtor to file an amended plan.

*In re Haffey*, 576 B.R. 540 (B.A.P. 6th Cir. 2017), relied on by the Debtor, is distinguishable from the case at bar. First, *In re Haffey* is a chapter 12 bankruptcy case with different applicable notice provisions. *In re Haffey* held that,

> Before a chapter 12 bankruptcy case can be dismissed for cause, the Bankruptcy Code requires "notice and a hearing." 11 U.S.C. § 1208(c). Bankruptcy Rule 2002(a)(4) requires that the debtor be given notice by mail at least twenty-one days prior to a hearing on dismissal of the case. Fed. R. Bankr. P. 2002(a)(4). However, the Bankruptcy Rules also grant bankruptcy courts discretion to modify this twenty-one day time period[, pursuant to Bankruptcy Rule 9006(c)(1).]"

*In re Haffey*, 576 B.R. at 547. As previously stated, Bankruptcy Rule 2002(a)(4) does not apply to dismissals under § 1307(c).

Second, *In re Haffey* is also factually and procedurally distinguishable. In *In re Haffey*, "the motion to dismiss pursuant to § 1208 was scheduled for hearing on June 25, 2015[,]" the debtor received adequate notice of the hearing on the motion. However, subsequently, the hearing was cancelled and the motion for dismissal was heard on June 2, 2015, the date set for a hearing on a motion for sanctions. "The notice provided by Trustee regarding the hearing on the motion for sanction did not provide notice that the Bankruptcy Court would consider dismissal pursuant to § 1208." *In re Haffey*, 576 B.R. at 547. Significantly, the Bankruptcy Court "neither ordered a reduction of the notice period nor informed Debtor that the Bankruptcy Court would take up the issue at the June 2, 2015 hearing." *Id*. As such, the Bankruptcy Appellate Panel held that the "Bankruptcy Court violated Debtor's due process right to notice and a hearing prior to dismissal of his chapter 12 case for cause." *Id*. at 548.

Despite holding that the Bankruptcy Court violated the debtor's due process right to notice and a hearing, the Bankruptcy Appellate Panel found the violation harmless. In so holding, the

Panel emphasized that "[d]ue process is required to prevent, to the extent possible, an *erroneous* deprivation of property." *In re Haffey*, 576 B.R. 548 (quoting *Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015) (emphasis added) (citing *Gilbert v. Homar*, 520 U.S. 924, 930–32, 117 S.Ct. 1807, 1811–12, 138 L.Ed.2d 120 (1997) (due process calls for such procedural protections as the situation demands)).

In applying the harmless error rule, *In re Haffey* noted that

> the Sixth Circuit held that "in order to prevail on a procedural due process challenge, [petitioner] must also show prejudice. ... **[T]o establish the requisite prejudice, he must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations."** 519 F.3d 546, 549–50 (6th Cir. 2008) (citation omitted). *See also Diaz–Aguilar v. Holder*, 555 Fed.Appx. 545, 547 (6th Cir 2014). The Sixth Circuit Court of Appeals has also applied a harmless error analysis in the bankruptcy context when it determined that unlisted, unsecured claims are discharged in no-asset cases even when the creditor did not receive proper notice of the bankruptcy case. *See Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467 (6th Cir. 1998); *See also Republic Bank & Tr. Co. v. Hutchinson*, 444 B.R. 728, 733 (W.D. Ky. 2011) ("Because this case had a no asset designation, Appellant suffered no harm to Due Process from any lack of knowledge of its claim.")

*In re Haffey*, 576 B.R. at 549 (emphasis added).

*In re Haffey* next examined "the Bankruptcy Court's reasons for dismissal to determine if a substantially different result would have occurred if Debtor had been given reasonable notice and opportunity to be heard." *Id*. There, "the Bankruptcy Court dismissed the case pursuant to § 1208(c) based on: (1) an inability to present a timely confirmable plan; (2) a clear record of unreasonable and prejudicial delay; and (3) a continuing loss to the estate without a reasonable likelihood of rehabilitation." *Id*. at 550. The Bankruptcy Appellate Panel ultimately concluded that "Debtor failed to refute the Bankruptcy Court's conclusion that cause existed to dismiss the chapter 12 case. Therefore, the lack of proper notice and opportunity to be heard prior to dismissal was not prejudicial." *Id*. at 552.

In contrast, the case at bar is a Chapter 13 where the Debtor received a two-month notice of his confirmation hearing; the notice was issued on November 12, 2025, for a January 12, 2026, hearing. This was not an expedited hearing. The Debtor received more than adequate notice of the confirmation hearing. The requirements of Debtor paying the filing fee, being current on his plan payments, and filing a feasible plan are all necessary to the confirmation of his proposed plan. The Debtor attended the confirmation hearing and was given another opportunity to cure his defaults. At the hearing the Debtor was notified that his case would be dismissed if he failed to comply with the Order Adjourning Section 341 Meeting of Creditors and Confirmation Hearing. The Debtor requested and was granted time to comply with chapter 13 confirmation requirements.

Lastly, even if the Debtor could show a due process violation, the Debtor fails to argue that any alleged due process violation led to a substantially different outcome than what would have occurred in the absence of the violations. It is undisputed that the Debtor failed to pay the filing fee by January 9, 2026. It is additionally undisputed that the Debtor failed to make timely plan payments by January 12, 2026. It is also undisputed that Debtor failed to cure other deficiencies by January 20, 2026. The Debtor failed to amend the plan and file Schedules A/B, Schedule C, and Schedules I and J. Therefore, any alleged due process violation did not prejudice the Debtor. The dismissal for failure to comply with the Court's order is not subject to dispute and is easily verified by a review of the Court's docket. An additional hearing would not lead to a substantially different outcome. Further, an additional hearing would be inefficient and would create increased cost to the parties and prejudicial delay to the creditors.

Debtor additionally relies on *In re Muessel,* 292 B.R. 712, (B.A.P. 1st Cir. 2003). In *In re Muessel,* the bankruptcy court after stating that it did not have jurisdiction to hear the trustee's motion to dismiss, as the debtor's appeal of a refinance order was pending, dismissed "the case,

*sua sponte*, with prejudice under §109(g)(1), for failure to stay current on plan payments under the confirmed Chapter 13 plan." *In re Muessel,* 292 B.R. at 718. The Bankruptcy Appellate Panel for the First Circuit held that,

> The Bankruptcy Code requires "notice and a hearing" before a Chapter 13 case may be dismissed. 11 U.S.C. § 1307(c). The Bankruptcy Rules contemplate that dismissal by the bankruptcy court shall only occur after the parties, including the debtor, are notified of the reasons for dismissal and the date of the hearing. *See* Fed. R. Bankr.P. 1017(f). Accordingly, both the Bankruptcy Code and Bankruptcy Rules require prior notice to the debtor of any hearing, accompanied by a motion or order to show cause specifying the reasons for dismissal, before dismissal may be considered.

*In re Muessel,* 292 B.R. at 717–18.

*In re Muessel* is distinguishable from the case at bar. In this case, the Debtor had notice of the confirmation hearing, at which the Court considered the statutorily enumerated requirements for confirmation of § 1325(a). The Court thereafter gave the Debtor an opportunity to cure the deficiencies, which the Debtor failed to timely cure. When the Debtor failed to timely cure, pursuant to the Court's Order, the Trustee filed a Trustee's Affidavit of Default. [ECF No. 167]. The Court dismissed Debtor's Chapter 13,

> For failure to comply with the terms and conditions set forth in the Order Adjourning Hearing entered on or about 1/14/2026 by failing to file and serve an amended Plan, Schedules A/B, Schedule C and Schedules I and J on or before 1/20/2026; the Trustee representing to the Court by the presentation of this Order for entry that the Debtor as of 1/21/2026 has failed to file and serve an amended Plan, Schedules A/B, Schedule C and Schedules I and J.

[ECF No. 173]. Accordingly, the Court concludes that Debtor received appropriate notice and hearing.

In his Motion, the Debtor additionally argues that the dismissal was predicated on non-existent or legally inapplicable defaults. The Debtor argues that the conditions in the Order were defective, inapplicable to Debtor's case and not supported by the record. First, the Debtor argues

that the Order treated the filing fee as immediately delinquent, which is not possible when the Debtor had 90 days to pay the filing fee.

Section 1325(a)(2) provides that the court shall confirm a plan if "any fee charged or amount required under Ch 123 of Title 28 or by the plan to be paid before confirmation has been paid." § 1325(c)(2). Bankruptcy Rule 1006 governs filing fees. The rule provides,

> **(a) In General.** Unless (b) or (c) applies, every petition must be accompanied by the filing fee. In this rule "filing fee" means:
>
> (1) the filing fee required by 28 U.S.C. § 1930(a)(1)-(5); and
> (2) any other fee that the Judicial Conference of the United States requires under 28 U.S.C. § 1930(b) to be paid upon filing.
>
> **(b) Paying by Installment.**
>
> **(1)** *Application to Pay by Installment.* The clerk must accept for filing an individual's voluntary petition, regardless of whether any part of the filing fee is paid, if it is accompanied by a completed and signed application to pay in installments (Form 103A).
>
> **(2)** *Court Decision on Installments.* Before the meeting of creditors, the court may order payment of the entire filing fee or may order the debtor to pay it in installments, designating the number of installments (not to exceed 4), the amount of each one, and payment dates. All payments must be made within 120 days after the petition is filed. The court may, for cause, extend the time to pay an installment, but the last one must be paid within 180 days after the petition is filed.

Fed. R. Bankr. P. 1006.

At the January 12, 2026, confirmation hearing, the Debtor was late in his filing fee installment payments. The Debtor's petition was filed on November 10, 2025, indicating that the Debtor would pay the filing fee in installment. [ECF No. 1; pg. 3, Q. 8]. On the same day, the Debtor filed an application to pay the filing fee in installments. [ECF No. 4]. However, the application was stricken because the wrong case number was provided by the Debtor. The Court's

entry states that if the corrected document is not timely filed, the bankruptcy petition will be dismissed without hearing. [ECF No. 12]. This corrected document was due November 19th, 2025, but not filed until December 1, 2025. [ECF No. 51]. Even still, the Court entered an Order approving payment of Filing Fee in Installments. [ECF No. 56]. This Order provided for payment of the last installment by January 9, 2026. This date would allow the Debtor to fulfill the requirement for confirmation of § 1325(a)(2), that "any fee charged or amount required under Ch 123 of Title 28 or by the plan to be paid before confirmation has been paid." § 1325(c)(2). The Debtor did not file a request for further extension. The confirmation hearing was scheduled for January 12, 2026.

Second, the Debtor argues that because no confirmed plan existed, no final payment amount was established. Thus, the Debtor concludes that "no payment obligation had matured that could support dismissal under § 1307(c).

At the January 12, 2026, confirmation hearing, the Debtor was delinquent on his plan payments. Section 1326(a)(1)(A) states, "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount- (A) proposed by the plan to the trustee[.]" §1326(a)(1)(A). "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. § 301. The Debtor filed his petition on November 10, 2025, and the Debtor's plan was filed on November 13, 2025. [ECF No. 24]. Thus, the first plan payment was due December 10, 2025. In terms of amount of the plan payment, the original chapter 13 plan proposes a monthly payment of $100. [ECF No. 72]. On January 8, 2026, the Debtor filed his first amended plan to include the Wayne County Treasurer in which he proposes a monthly payment of $375.66. [ECF No. 132]. As of January 22, 2026, the Debtor had made no

14

25-51376-mlo    Doc 215    Filed 03/05/26    Entered 03/05/26 15:42:42    Page 14 of 18

plan payments in this Chapter 13 case. As argued by the Chapter 13 Trustee, there is no requirement that a plan be confirmed before the Debtor has the duty to start making plan payments. [ECF No. 189; pg. 3, para 9].

Third, the Debtor contends that at the time of the January 12, 2026, there were no deficiencies in the schedules and compliance was complete. At the January 12, 2026, hearing, Debtor indicated that he wanted to keep his vehicle, although he did not include it in his original or first amended plan. Thus, Debtor needed another amendment to his plan to include the car. The schedules also needed to be amended, in part, to demonstrate feasibility. The Debtor's second amended plan, filed late, added the car.[4]

At the time the Order Dismissing Chapter 13 was entered on January 22, 2026, Debtor failed to timely file any of the required amendments. The Court order of January 14, 2026, required the Debtor to file an amended plan, and amendments to Schedules A/B, C, I and J by January 20, 2026. The Debtor did not file the amended plan until January 22, 2026. [ECF No. 171]. The Debtor did not file the required amended schedules until January 26, 2026. [ECF No. 177]. Both filings were late. The Court is not required to wait for the Debtor to get around to complying with the Court's Order. The Debtor must comply with the deadlines as ordered by the Court to keep the case on track for confirmation of the plan and to avoid prejudicial delay to creditors.

The Debtor additionally relies on *In re Muessel,* 292 B.R. 712, (B.A.P. 1st Cir. 2003) in arguing that the Court has no authority to direct a debtor to amend a plan. At both the January 12, 2026, confirmation hearing and the February 9, 2026, hearing, the Debtor stated that he wanted to keep the car that was repossessed prepetition. The Court specifically expressed to the Debtor that

---

[4] As an aside, the amended plan proposes to pay $716.40 per month. [ECF No. 171]. The late filed schedules, specifically Schedule J, shows a net monthly income of $157.27 available to pay on the plan. [ECF No. 177]. Accordingly, the Debtor has failed to file a feasible plan.

15

it was of no consequence to the Court whether he amended the plan. However, if the Debtor wanted to keep his car, an amendment was necessary. The Court was not ordering the Debtor to keep his car. [ECF No. 204; Tr. Feb. 9, 2026, pg. 17-18].

The Debtor needed to amend his plan, and his schedules accordingly, to include the vehicle and show that the plan was feasible. Further, at the January 12, 2026, hearing, it was explained to the Debtor that if he wanted the vehicle, he needed to file a motion for turnover.[5]

In his Motion, Debtor additionally contends that the Court accepted oral representations of noncompliance and did not afford the Debtor a meaningful opportunity to contest the factual or legal basis for dismissal. At the February 9, 2026, hearing, the Debtor cited to *In re AIO US, Inc.,* 672 B.R. 261 (Bankr. D. Del. 2025) in arguing that statements made by counsel are not evidence for the purpose of determining whether the plan satisfies the good faith requirement for plan confirmation.

At the January 12, 2026, hearing, the Court relied on undisputed verifiable facts before entering its Order Adjourning Section 341 Meeting of Creditors and Confirmation Hearing. The Trustee did not argue the good faith requirement, nor did the Court consider Debtor's good faith at that time. The Court deferred consideration of Creditor HOF Law Groups motion to dismiss for bad faith. Likewise, the grounds for dismissal were also undisputed and based on verifiable facts, a simple review of the Court's docket.

---

[5] The Debtor keeps insisting that he cannot in good faith file a motion for turnover because he either does not know the location of the vehicle or believes it has been auctioned off already. The Court, on numerous occasions, told the Debtor that the current location of the vehicle is irrelevant, and the Debtor needs to file a motion for turnover if he wants the vehicle. Instead, the Debtor filed an adversary proceeding, case no. 26-04025, that is not permitted by Bankruptcy Rule 7001(a). [ECF No. 203; Tr. Jan 12, 2026, pg. 31; ECF No. 204; Tr. Feb. 9, 2026, pg. 16]. The Court notes that the Debtor is not focused on filing the required pleadings. Instead, he chooses to file excessive pleadings that are not helpful to the prosecution of this case.

The Debtor further argues that the Court improperly dismissed his bankruptcy case when there was a pending Motion for Stay of the Dismissal Order. [ECF No. 164]. The Debtor failed to cite to any authority requiring the Court to resolve all matters pending when there are valid reasons to dismiss the case.

The Debtor also asserts that the Court failed to entertain his request to voluntarily dismiss his Chapter 13 case without prejudice. The Debtor made an oral motion to dismiss his case without prejudice at the January 12, 2026, hearing. At that same hearing, minutes later, the Debtor stated on the record that he no longer wished to dismiss his case and was withdrawing his request. [ECF No. 203; Tr. Jan. 12, 2026, pg. 60].

The Debtor then filed Debtor's Objection to Chapter 13 Trustee's Oral Motion to Dismiss, Objection to Counsel's on-the-record Representations, and Motion for Clarification of January 12, 2026 Bench Order, or in the Alternative for Evidentiary Hearing Under FED.R.BANKR.P. 9014(d), or Voluntary Dismissal Without Prejudice. [ECF No. 145]. This pleading was struck by the Court for numerous reasons.

Overall, the Debtor failed to properly file a request for voluntary dismissal of his chapter 13 case. The Debtor's pleading at ECF No. 145 combined two motions, two objections and requested a voluntary dismissal. The pleading had to be properly noticed and served. It, however, contained no certificate of service and no notice. There was no indication that it was an *ex parte* motion. Additionally, there were no proposed orders attached to the pleading. Finally, the request for clarification of the January 12, 2026 Bench Order was premature as the Court had not entered an order memorializing the ruling. The Debtor has since renewed some of the requests, such as the ones contained in the current Motion. The Debtor has not renewed his request to voluntarily dismiss his case.

### III. CONCLUSION

For the foregoing reasons the Court denies Debtor's Motion pursuant to Fed. R. Civ. P. 60(b)(4).

**Signed on March 5, 2026**

/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**